UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID SHANKS,

        Plaintiff,

v.                                                             Case No. 11-C-689

R. LEYENDECKER, et al.,

        Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Shanks, who is proceeding pro se, seeks to bring this civil rights action on behalf of himself and others similarly situated under 42 U.S.C. § 1983. Shanks alleges in his now amended complaint that his civil rights were violated by the conditions to which he has been subjected while incarcerated at the Brown County Jail. Although Shanks is awaiting trial for federal charges, he is currently a prisoner in state custody and therefore would not be considered a pretrial detainee for purposes of assessing his claims.

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. It appears that he lacks the funds to pay an initial partial filing fee, and so the initial filing fee will be waived. 28 U.S.C. § 1915(b)(4). Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The amended complaint raises a number of challenges to the conditions of Plaintiff's confinement in the Brown County Jail. Some of these can be dispatched summarily. The fact that the food is not good does not violate the Constitution. Similarly, the fact that certain grievances "went unanswered" does not (in itself) violate any provision of the Constitution; neither does being denied an ink pen.

The crux of the complaint asserts that Plaintiff was transferred from a cell block he liked into a segregated unit for either 15 or 18 days (the complaint is not clear) without a hearing. In the new cell, the lights are on all day, which impedes sleep, and Plaintiff suffers other inconveniences, such as an uncomfortable mattress and a toothbrush he does not like. An inmate's liberty interests are affected only if a deprivation imposes an "atypical and significant hardship on the inmate," and a transfer to segregation for a period of weeks does not rise to that level. *Sandin v. Conner,* 515 U.S. 472, 484-86 (1995) (thirty days in segregation did not trigger Due Process protections). Given the short span of segregated confinement, I am satisfied that the conditions imposed (e.g., lights on

3

24 hours per day) did not require a hearing. *See Lekas v. Briley,* 405 F.3d 602, 610 (7th Cir. 2005) (90 days in segregation did not require a hearing).

Plaintiff also asserts a claim in which he alleges that the jail's law library is inadequate. A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Here, Plaintiff states that he does not have an attorney in his pending federal criminal case, but the docket in that case reflects otherwise. His attorney is his legal representative in his criminal action, and as such the need for a jail law library is minimal. In short, Plaintiff has not sufficiently alleged that the law library prejudiced any of his rights. Accordingly, that claim will be dismissed as well.

Liberally construed, the complaint does state a claim for retaliation. *See Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005) ("Prisoners are entitled to utilize available grievance procedures without threat of recrimination . . . ."); *see also Jellis v. Hulick*, Case No. 10-3580, 2011 WL 2161359, *2 (7th Cir. June 2, 2011) ("Jailers cannot retaliate against prisoners who file nonfrivolous grievances."). Plaintiff alleges that the defendants placed him in segregation and subjected him to harsher conditions because he filed grievances and sought to commence a class action. This is sufficient to state a claim. Accordingly, the case will proceed on that claim alone.

THEREFORE, IT IS ORDERED that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the filing fee may be paid over time.

IT IS FURTHER ORDERED that the Brown County Jail administrator shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's

4

income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the plaintiff's complaint.

**SO ORDERED** this   2nd   day of August, 2011.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge