# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID L. SHANKS,

    Plaintiff,

v.                                                               Case No. 11-C-689

R LEYENDECKER, et al.,

    Defendants.

**ORDER**

    The defendant has filed a letter which he asks the Court to construe as a motion for reconsideration in the above matter. The Court will do so and deny the motion.

    Shanks first asks if the Court has a conflict of interest in hearing both his criminal case and the civil litigation he has commenced from the Brown County Jail. The Court sees no conflict and is unaware of any cases suggesting that a Court can't handle both criminal and civil litigation involving the same individual.

    Shanks also indicates he wishes to amend his claim for lack of access to the court based upon the inadequate law library maintained by the Brown County Jail. However, he offers no amended pleading setting forth the proposed new claim. Absent the proposed new pleading, the Court is unable to rule whether an amendment would be allowed. Certainly the Court would consider an amended pleading at this stage of the litigation.

    Shanks also claims that the hearing that preceded his transfer into segregation was in violation of due process. The Court addressed this allegation in its order and concluded that,

because the transfer did not subject Shanks to significantly harsher conditions, no due process hearing was required.

Finally, Shanks notes that he seeks a determination that his attorney, either the current or previous one, has provided ineffective assistance of counsel in his criminal case. That claim is premature. Until and unless Shanks is convicted, he is unable to make out an ineffective assistance of counsel claim with respect to a pending criminal matter. To the extent Shanks wishes to raise other issues in the pending criminal matter, the Court declines to consider them at this point, since he is represented by counsel in that case. His request for assistance or for relief should be made through the court-appointed attorney.

Accordingly and for the foregoing reasons, the motion for reconsideration is denied.

Dated this   10th   day of August, 2011.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge